REQUESTED BY: Dear Senator Clark:
You have requested the opinion of this office regarding Legislative Resolutions 230, 258, and 304, passed during the 1980 legislative session for the purpose of interim study of the financial impact of large construction projects, such as power generating plants, on small communities. Specifically, you have inquired whether public power districts can voluntarily share in the costs of building and improving roads which may be necessitated by the construction of such projects. Additionally, you have inquired whether public power districts can voluntarily share in the costs incurred for fire protection.
Public power districts are organized, pursuant to section70-602, R.R.S. 1943, as public corporations and political subdivisions of the state. As a statutory creation, a public power district is a mere agency of the state without any powers or authority except such as the Legislature may confer upon it.
Under the present statutory scheme, set forth in Chapter 70, Articles 5 and 6, providing for the organization and operation of a public power district, general statutory authority exists for the expenditure of district funds for the purposes for which the district is being operated, that is, the payment of operating expenses, indebtedness, and repairs, extensions, and improvements of the facilities. According to the Nebraska Supreme Court in United CommunityServices v. The Omaha National Bank, 162 Neb. 786,77 N.W.2d 576 (1956):
 ". . . `Companies chartered for the purpose of supplying the public with electricity * * * have such lawful rights and powers as are clearly and expressly granted, together with such implied * * * powers as are reasonably * * * necessary to enable them to exercise those expressly conferred, and to enable them to accomplish the objects of their creation. All rights and powers not thus granted are withheld.'" 29 C.J.S., Electricity, 15, p. 521.
In our opinion, the above stated legal standard raises significant questions regarding whether the present statutory scheme empowers a public power district to expend funds for the costs under consideration in this instance. Express statutory language providing public power districts with the authority to make such financial contributions would likely be necessary.
We are aware of no constitutional prohibition which would prevent the Nebraska Legislature from enacting legislation to provide for such voluntary contributions by public power districts. Since the monies to be expended constitute public funds, they may only be expended for public purposes. According to the Nebraska Supreme Court, a public purpose has for its objective the promotion of the public health, safety, morals, security, prosperity, contentment, and the general welfare of all the inhabitants. United CommunityServices v. Omaha National Bank, supra. However, it is primarily the Legislature's prerogative to determine whether a particular expenditure of public funds if for a genuine public purpose. In determining whether a proposed expenditure of public funds is valid as devoted to a public use or purpose each case must be decided with reference to the object sought to be accomplish and to the degree and manner in which that object affects the public welfare. In addition, in authorizing the use of a public power district's funds for a public purpose beneficial to it, the Legislature must set up reasonable standards to guide the district in its administration.
It is our opinion that the Nebraska Legislature could authorize by statute voluntary contributions on the part of public power districts for the costs at issue. While it is conceivable that constitutional questions may arise depending upon the particular statutory language employed, such considerations are obviously beyond the scope of this opinion.